## Bush v. Combs, Sheriff, et al.

(Decided February 27, 1920.)

### Appeal from Wolfe Circuit Court.

1. Adverse Possession—Limitation of Actions.—Plaintiff in this suit attempted to assert title by adverse possession to the interest of his sister in their father's land. Held that he had not been in possession of it for the statutory period, and during all of the time of his possession his sister, as long as she lived, and her infant son after her death, were each under disability and the statute did not run against them.

2. Joint Tenancy—Division Suit—Estoppel.—One who is a party to a division suit, and who makes no claim to the interest of his joint tenant in the land divided, but suffers the division to be made and a deed executed to his joint tenant, can not afterward claim to have purchased the interest of such joint tenant before the division suit, since he is estopped to do so by the judgment rendered in that suit.

C. T. SPENCER for appellant.

A. F. BYRD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 5, 1915, the master commissioner of the Wolfe circuit court, pursuant to a judgment rendered in the case of J. W. Rogers, Guardian, &c. v. Elmore Rogers, sold at the court house door at Campton, Kentucky, the ten acres of land involved in this suit, at which sale the defendant and appellee, Jesse G. Legg, being the highest and best bidder, became the purchaser at the sum of $259.00. The report of sale was confirmed and a deed executed to the purchaser, followed by a writ of possession, when appellant and plaintiff below, W. B. Bush, brought this suit against the sheriff and the purchaser to enjoin the execution of the writ, upon the ground that he was the owner of the land by adverse possession, and that he would sustain irreparable injury unless the execution of the writ was enjoined. He obtained a temporary restraining order from the clerk upon the filing of the suit.

The answer as amended denied his ownership by adverse possession, or otherwise, and pleaded that he was estopped to claim title to the land because of a judgment of the Wolfe county court rendered in 1905, in a suit to divide among his heirs the land of John Bush, who was the father of plaintiff and also the father of the mother of the infant, Elmore Rogers, she having died in 1902. It was also averred that plaintiff was estopped because he was present at the sale made in 1915 by the master commissioner and procured another to bid on the land for him at that sale, and he then declined to make known or in any way assert his claim to the land, thereby acquiescing in its purchase by the defendant Legg. Upon final submission the court dismissed the petition, and complaining of that judgment the plaintiff has appealed.

There are a number of reasons why the judgment should be affirmed, but we will refer to and briefly discuss only two of them. Before doing this a brief statement of the facts will be necessary.

John Bush left surviving him as his only heirs his widow and seven children. He owned the tract of land of which the ten acres here involved was a part, which was inherited by his children, he having died intestate. In June, 1902, Joanna Rogers (nee Bush) gave birth to a child, who is the infant, Elmore Rogers. At that time her husband was separated from her, and she was living with her brothers and sisters on their jointly inherited farm. Shortly afterward she was stricken with the fever, lingered for several months and died in September. While she was sick the plaintiff claims to have orally purchased her interest in her father's estate. There had been no division made of the farm, but plaintiff constructed a small cabin on a certain portion of it and took possession some time in November of that year, which he has continued to hold, through himself and tenants, since that time. A suit for the division of the land was filed in the Wolfe county court in 1905, to which the widow and all the heirs were made parties, and in the division obtained through that suit Elmore Rogers, as his mother's only heir, was allotted the ten acres involved in this suit. Plaintiff and the other heirs were allotted their respective parcels, and deeds were executed to all of them. No claim to the land was attempted to be asserted by plaintiff in that suit.

The case, *supra,* of Rogers, Guardian v. Rogers, through which the sale of the land to defendant Legg was ordered, was filed on October 12, 1912, by the guardian against his ward to obtain a sale of the latter's land for reinvestment, as provided by subsection 5 of section 489 of the Civil Code. Plaintiff was not a party thereto, but with full knowledge of its pendency and purpose he failed to interplead or to assert his title to the land sought to be sold therein.

Passing a consideration of the sufficiency of the testimony to show even an oral purchase by plaintiff from his sister of her interest in their father's land, we have no hesitancy in concluding that the judgment in the partition suit was sufficient to destroy any title or claim which plaintiff may have had at that time in the ten acres

of land involved.  If he had in fact purchased the undivided interest of his sister, the supreme time to have manifested that fact was in that suit, before judgment was rendered, and to have insisted that her portion be allotted to him.  Failing to do so, he lost all of his rights growing out of the alleged purchase, if indeed he had any.  For this reason alone, the judgment dismissing the petition was eminently proper.

But, if we concede that the testimony is sufficient to show an oral purchase by plaintiff of the interest of Mrs. Rogers in their father's farm, the transaction conveyed no title to plaintiff, and he could obtain one only by adversely occupying the land for as much as fifteen years, provided the true title holder was free from disability at the time of the commencement of such occupancy.

In the first place, fifteen years had not expired from the time plaintiff took possession of the ten acres and the filing of this suit, which was on 'February 26, 1917, and he, according to his testimony, took possession of the land in November, 1902.  But at that time, if Mrs. Rogers was living, she was under the disability of coverture, and the statute did not run against her, and her child, the infant Elmore Rogers, is still under twenty-one years of age and the statute has never run against him.  Because of the legal disability of Mrs. Rogers, the principle of law relied on by counsel for appellant, to the effect that when the statute of limitations starts against an ancestor it will continue to run against his heirs after his death— although under disability—does not apply.

It is insisted, however, by counsel for plaintiff, that the judgment of sale under which the defendant purchased the land was void because the bond which the court required of the guardian was executed by only one surety.  In this counsel is mistaken, since the record shows that before the sale a bond with two sureties was executed and approved according to the requirements of section 493 of the Civil Code of Practice.  But, if it were otherwise, it is doubtful if plaintiff could, in a case like this, avail himself of the omission.  However, since it is unnecessary, we do not determine the question.

Finding no error in the judgment, it is affirmed.